IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STEVEN ZAHAREAS, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) Case No. 23-cv-3423 |
| | ) |
| KWAME RAOUL, Illinois Attorney General in his official capacity, *et al.*, | ) Judge Martha M. Pacold |
| | ) |
| | ) Magistrate Judge Heather K. McShain |
| Defendants. | ) |

**DEFENDANTS RAOUL, KELLY, YENCHKO, AND LEAHY'S
MEMORANDUM OF LAW IN SUPPORT OF THEIR
MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

**INTRODUCTION**

Plaintiff's claims stem from a Clear and Present Danger Request that was submitted by Defendant Officer Centeno of the Village of Schaumburg to the Illinois State Police ("ISP") Firearms Safety Bureau ("FSB"). *See generally* ECF No. 1. The FSB revoked Plaintiff's Firearm Owner Identification Card ("FOID Card") under the Clear and Present Danger Provision of the FOID Card Act, 430 ILCS 65/8(f). *Id.* at ¶ 38. After receiving this initial determination, Plaintiff did not pursue the additional relief available to him through the Board and has, instead, filed this lawsuit.

Counts I and II of Plaintiff's complaint are against Officer Centeno. Counts III-V are against Attorney General Raoul, ISP Director Brendan Kelly, FSB Chief Jeffrey Yenchko, and Elizabeth Leahy, ISP Firearms Safey Counsel (collectively the "State Defendants"). Plaintiff alleges that the State Defendants, by applying the Clear and Present Danger Provision against him and revoking his FOID Card, have violated his rights under the Second, Fourth, Fifth, and

1

Fourteenth Amendments. ECF No. 1 at Count III & V. Plaintiff alleges that the process used to designate someone as a clear and present danger and the appeal process to regain a FOID Card after having been declared a clear and present danger are unconstitutional. *Id.* In Count III, Plaintiff also purports to allege a violation of his Fourth and Fifth Amendment rights based on the removal of his FOID Card and/or firearms from his home after his FOID Card was revoked. ECF No. 1 at ¶ 88. In Count IV, Plaintiff alleges that these same actions violated his rights under the Illinois Constitution. *Id.* at Count IV.

Plaintiff seeks declaratory and injunctive relief and asks this Court to: (1) declare that the Clear and Present Danger Provision is unconstitutional and that "Defendants, facially or as applied . . . have unjustifiably denied . . . his" constitutional rights; (2) enjoin the State Defendants from enforcing the Clear and Present Danger Provision; (3) order the State Defendants to issue Plaintiff a FOID Card and revoke any reports made to other agencies because of his status as a clear and present danger; and (4) enter a mandatory injunction requiring the State Defendants to amend the appeals procedure related to individuals who have been deemed a clear and present danger.

Plaintiff has not stated any viable claims against any State Defendant. First, this Court lacks jurisdiction over Plaintiff's as-applied claims because they are not ripe. Second, Plaintiff cannot maintain a facial challenge to the Clear and Present Danger Provision because longstanding case law establishes that there are constitutional applications of the statute. Third, even if the Court had jurisdiction over his as-applied claims, Plaintiff cannot state a viable Fourteenth Amendment procedural due process claim against the Clear and Present Danger Provision on its face because it provides adequate procedural safeguards. Finally, Plaintiff's claims under Illinois law are barred by the Eleventh Amendment. As such, Plaintiff cannot state any viable claims against the State Defendants and his complaint should be dismissed.

**BACKGROUND**

Plaintiff is a resident of Schaumburg, Illinois, who, prior to July 28, 2022, possessed a valid FOID Card. ECF No. 1 at ¶ 1. On June 21, 2021, Plaintiff was involved in an aggressive driving encounter with another vehicle, driven by Sotirios Tzanetopoulos ("S.T."). *Id.* at ¶¶ 9-12. On June 23, 2021, S.T. went to Plaintiff's house. *Id.* at ¶ 17. When S.T. arrived, Plaintiff was working in and around his home with his concealed firearm in the waist band of his shorts. *Id.* at ¶¶ 18, 23. When Plaintiff saw S.T. outside of his home, Plaintiff asked his wife to call the police. *Id.* at ¶ 18. Plaintiff allegedly saw S.T. make an "aggressive move" in his vehicle at which point Plaintiff pulled his firearm out, pointed it at S.T. and said "[d]on't move, the police are on their way". *Id.* at ¶ 23. S.T. departed the area. *Id.* at ¶ 24.

After S.T. left the area, Plaintiff spoke to a police dispatcher and was told to wait inside and put his firearm inside his home. *Id.* at ¶ 25. Officer Centeno arrived at Plaintiff's house shortly after S.T. left the area. *Id.* at ¶ 26. Plaintiff did not believe that Officer Centeno respected Plaintiff's Second Amendment rights and their interaction was tense. *Id.* at ¶¶ 28-29. During the conversation, Officer Centeno told Plaintiff that S.T. gave a different version of events to other Schaumburg Police Officers and Plaintiff told Officer Centeno that "if he relied on the ludicrous story told by [S.T.] to the other Schaumburg officers, that [Officer Centeno] was 'a fucking imbecile', or words to that effect," but Plaintiff asserts that at no time did he behave in a way that could suggest he was violent, suicidal, or would illegally assault anyone. *Id.* at ¶¶ 30-31. Plaintiff was arrested for the aggravated assault of S.T., and S.T. was arrested for disorderly conduct. *Id.* at ¶¶ 32-35. The charges against both men were ultimately dismissed. *Id.*

Around the time of Plaintiff's arrest, Officer Centeno submitted a Clear and Present Danger Request to the ISP. *Id.* at ¶ 36. Plaintiff challenges the accuracy of the statements in the underlying

police report. *Id.* at ¶¶ 37. On July 28, 2022, the ISP, through the FSB, issued a letter to Plaintiff informing him that his FOID Card was revoked on the basis of the Clear and Present Danger Request. *Id.* at ¶ 38. On or about August 5, 2022, ISP officers came to Plaintiff's home to confiscate his FOID Card, obtain a completed Firearm Disposition Record, and remove Plaintiff's weapons from his home. *Id.* at ¶¶ 41-43. Plaintiff never requested any relief from ISP related to his FOID Card revocation. *See* ECF No. 1.

## **LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(1) authorizes the Court to dismiss any claim over which the Court lacks subject matter jurisdiction. A motion to dismiss for lack of subject matter jurisdiction presents a threshold question concerning the court's power over a claim, and a federal court must assure itself that it possesses subject matter jurisdiction of a case before it proceeds on the merits. *See Cook v. Winfrey*, 141 F.3d 322, 325 (7th Cir. 1998).

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the complaint. A complaint may be dismissed if the plaintiff fails to allege sufficient facts to state a cause of action that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A sufficient complaint must allege "more than a sheer possibility that a defendant has acted unlawfully" and be supported by factual content. *Iqbal*, 556 U.S. at 678. When ruling on a motion to dismiss pursuant to Rule 12(b)(6), the court must accept all well-pleaded facts as true, but it must also "draw on its judicial experience and common sense" to determine if the plaintiff has stated a plausible claim for relief. *Cooney v. Rossiter*, 583 F.3d 967, 971 (7th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678). If the court determines that a plaintiff has failed to meet this plausibility requirement, the matter should be dismissed.

**ARGUMENT**

Plaintiff brings a facial and as-applied challenge to the procedures that govern the Clear and Present Danger Provision and related appeals process. *See* ECF No. 1. As a threshold matter, the Court lacks jurisdiction over Plaintiff's as-applied challenge because his claims are not ripe. Indeed, while Plaintiff complains that the procedures governing the clear and present determination are insufficient, he has elected not to pursue relief under the available procedures.

Turning to the merits, Plaintiff cannot state a viable challenge to the provision on its face because he has not satisfied the standard for a facial challenge. On the contrary, there are constitutional applications of the Clear and Present Danger Provision. And even if he has standing to pursue his as-applied claims, Plaintiff has failed to state a viable claim. Plaintiff's claims under the Fourth and Fifth Amendments also fail because, at the time that his FOID Card or weapons were removed from his possession, he was not legally able to possess those weapons. Finally, Plaintiff's claims brought under the Illinois Constitution or other Illinois law are barred by the Eleventh Amendment.

**I.     THIS COURT LACKS JURISDICTION OVER PLAINTIFF'S AS-APPLIED CLAIMS.**

At the threshold, this court lacks jurisdiction over Plaintiff's as-applied claims because they are not ripe. "The ripeness doctrine is 'drawn both from Article III limitations on judicial power and from prudential reasons for refusing to exercise jurisdiction.'" *Nat'l Park Hospitality Ass'n v. Dept. of Interior*, 538 U.S. 803, 808 (quoting *Reno v. Catholic Social Services, Inc.*, 509 U.S. 43, 57 n. 18 (1993). "Ripeness is a justiciability doctrine designed 'to prevent courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging

5

parties." *Nat'l Park Hospitality Ass'n*, 538 U.S. at 807-08 (citing *Abbott Laboratories v. Gardner*, 387 U.S. 136, 148-89 (1967)). One factor that is considered in a ripeness analysis is whether additional factual development would assist the court in addressing the legal issues in the case. *Id.* at 812.

Under the FOID Card Act, Plaintiff could have requested relief from the revocation of his FOID Card from either the ISP (prior to January 1, 2023) or the Firearm Owner's Identification Card Review Board ("Board") (on or after January 1, 2023). 20 Ill. Admin. Code 1230.75. To request relief of a revocation for a clear and present danger designation that is less than five years old, an individual must submit a Request for FOID Investigation, Relief, and Reinstatement of Rights form to the ISP within 60 days of the revocation of his FOID Card. *Id.* at (b)(2)(B). After submitting this form, the individual submits the documents required under 430 ILCS 65/10(f). *Id.* at (b)(2). These documents include, in part, information about the individual's mental health, including a mental health evaluation and mental health history, information regarding incidents of suicide or violence, statements from adults that the individual is not a danger, and any other documents that show that the individual will not be a danger to the public safety if his/her FOID Card is reinstated. *Id.* at (b)(2)(C); 430 ILCS 65/10. If these records show that Plaintiff is not likely to be a danger to public safety, the FOID Card will be reinstated. *Id.* at (b)(2)(D). Additionally, if more than 60-days have passed since the revocation, Plaintiff could reapply for a FOID Card and then, if necessary, seek review from a denial.

Plaintiff was not required to pursue state court review of the revocation before filing suit under Section 1983. *White v. Ill. State Police*, 15 F.4th 801, 810 (7th Cir. 2021). But here, because Plaintiff did not obtain a final decision from the Board (or even initiate the process), the Court does not have the necessary facts to determine if Plaintiff's FOID Card was revoked without

6

adequate process. The entire basis for Plaintiff's federal claims is a purported lack of due process, but he never engaged in the process. Plaintiff cannot use a federal lawsuit to circumvent participating in the statutory post-deprivation process. The Clear and Present Danger Provision provides a review process for all FOID Card revocations in which Plaintiff could contest the factual underpinnings of the initial determination—processes that Plaintiff did not pursue. *See* 430 ILCS 65/10; 20 Ill. Admin. Code 1230.75. Because Plaintiff did not pursue these processes, his as-applied due process claim fails. *Cleven v. Soglin*, 903 F.3d 614, 617 (7th Cir. 2018) ("[A] plaintiff simply cannot refuse to pursue the available state remedies and then come into federal court complaining that he was not afforded due process." (quoting *Kauth v. Hartford Ins. Co. of Illinois*, 852 F.2d 951, 955 (7th Cir. 1988).

This issue coincides with the doctrine of ripeness because it affects whether the Court has the necessary information to reach a decision on Plaintiff's claims. Plaintiff believes that the decision to revoke his FOID Card was factually wrong because the information provided by Officer Centeno was incorrect. *See* ECF No. 1 at ¶¶ 37-39. But the fact that a decision could be wrong does not necessarily mean that it was made without adequate process. Here, because Plaintiff never requested relief from his FOID Card revocation, there is no final decision from the Board for the Court to consider, making Plaintiff's claim the type of abstract dispute that the ripeness doctrine is designed to prevent. *See Nat'l Park Hospitality Ass'n*, 538 U.S. at 807-08. Accordingly, Plaintiff's as-applied claims are not ripe and the Court lacks jurisdiction over them.

Further, concerns about comity and general principles of federalism make abstention appropriate in this case. The overarching theme of Plaintiff's as-applied procedural due process claim is that he requests this Court to interfere with state matters and declare that he is not dangerous. This request is a clear intrusion into a state agency's process. While there may not be

7

a perfect abstention doctrine to fit the facts of this case, "[a] common thread underlying the Supreme Court's abstention cases is that they all implicate (in one way or another and to different degrees) underlying principles of equity, comity, and federalism foundational to our federal constitutional structure." *J.B. v. Woodard*, 997 F.3d 714, 22 (7th Cir. 2021) (declining to exercise jurisdiction in Section 1983 action related to a child custody dispute). These "principles of equity, comity, and federalism" apply equally to state agencies as well as state courts. *Rizzo v. Goode*, 423 U.S. 362, 378-79 (1976) (holding that to obtain injunctive relief on a matter traditionally reserved to the discretion of a state or local government agency, a plaintiff must overcome the steep hurdle set by "the well-established rule that the Government has traditionally been granted the widest latitude in the 'dispatch of its own internal affairs'").

Alternatively, Plaintiff's as-applied claims should be dismissed because he is using it as a vehicle for the federal courts to hear a claim that is, in effect, a request for a writ of mandamus. *See Sherwood v. Marchiori*, 76 F.4th 688, 2023 U.S. App. LEXIS 20350, *11 (7th Cir. 2023) (explaining that mandamus in state court is an adequate post-deprivation remedy when a plaintiff wants to enforce a right to have a public official perform a non-discretionary duty). Federal writs of mandamus were abolished under the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 81(b). While federal courts may grant mandamus under 28 U.S.C. § 1651 to other federal courts, "federal courts lack 'jurisdiction to issue a mandamus against state officials for violating their duties under state law.'" *Banks v. Illinois*, 258 F. App'x 902, 902 (7th Cir. 2007); *Coniston Corp v. Hoffman Estates*, 844 F.2d 461, 469 (7th Cir. 1988). As such, this Court should decline to hear Plaintiff's as-applied challenge to the Clear and Present Danger Provision because he failed to participate in the available appeal process and because he is attempting to use this Court to obtain a writ of

mandamus. Because of these jurisdictional and quasi-jurisdictional concerns, this Court should decline to exercise jurisdiction over Plaintiff's as-applied challenge.

## II. PLAINTIFF FAILS TO STATE A FACIAL OR AS-APPLIED CLAIM.

Plaintiff purports to bring a facial challenge to the Clear and Present Danger Provision, but the allegations do not support such a challenge. However, to the extent that he does bring a facial challenge, Plaintiff cannot meet the standard for such a challenge. Moreover, even if the Court were to find that it has jurisdiction to address Plaintiff's as-applied claims, those claims fail. Plaintiff's allegations relate to his belief that the revocation of his FOID Card was wrong and that he did not receive adequate due process after his FOID Card was revoked. Based on these allegations, this Court should evaluate Plaintiff's claims under the due process clause of the Fourteenth Amendment. Because the Clear and Present Danger Provision provides adequate process, including an opportunity to request relief from a FOID Card revocation, Plaintiff's Fourteenth Amendment claim fails.

### A. Plaintiff Cannot State a Facial Claim to the Statute.

Plaintiff purports to allege that the Clear and Present Danger Provision is unconstitutional on its face. ECF No. 1 at Count III & V. But to state a facial claim, a plaintiff must "establish that no set of circumstances exists under which the Act would be valid," *i.e.*, that the law is unconstitutional in all of its applications." *Washington State Grange v. Washington State Republican Party*, 552 U.S. 442, 449 (2008) (citing *United States v. Salerno*, 481 U.S. 739 (1987)). Plaintiff cannot satisfy that standard.

The Clear and Present Danger Provision bars an individual "whose mental condition is of such a nature that it poses a clear and present danger to the applicant, any other person or persons or the community," as well as any "person who has been adjudicated as a person with a mental disability," from possessing a FOID Card. 430 ILCS 65/8. As the Seventh Circuit has explained,

the courts "have time and again noted with approval the longstanding prohibitions on the possession of firearms by felons and those who are not mentally competent." *United States v. Stoller*, 772 F. App'x 351, 352 n.1 (7th Cir. 2019) (citing *District of Columbia v. Heller*, 554 U.S. 570, 626 (2008)); *see also Culp v. Madigan*, 840 F.3d 400, 401 (7th Cir. 2016) ("[T]he constitutional right to 'keep and bear' arms means that states must permit law-abiding and mentally healthy persons to carry loaded weapons in public. . . . But 'qualified,' 'law-abiding,' and 'mentally healthy' are significant limitations on the right of concealed carry."); *United States v. Crawford*, No. 2:20-CR-084-PPS-APR, 2023 U.S. Dist. LEXIS 152201, at *2 (N.D. Ind. Aug. 29, 2023) (quotation omitted) (The Supreme Court "has repeatedly underscored that the Second Amendment protects the rights of 'ordinary, law-abiding' citizens to keep and bear arms, and that its articulation of the rights guaranteed by the Second Amendment should not be construed to cast any doubt on 'prohibitions on the possession of firearms by felons and the mentally ill.'").

Plaintiff makes no attempt to establish that the Clear and Present Danger Provision is "unconstitutional in all of its applications." Rather, the extensive allegations contesting the factual assertions in the Clear and Present Danger report, combined with Plaintiff's request that the Court order Defendants to provide a "meaningful procedure . . . to challenge his designation as a 'clear and present danger,'" ECF No. 1 at ¶ F, is a tacit acknowledgement that constitutional applications of the Clear and Present Danger Provision exist and that Plaintiff's claims are in reality merely as-applied. Plaintiff's facial claims should be dismissed accordingly.

### B. Plaintiff's As-Applied Claims Should Be Reviewed Under the Fourteenth Amendment's Due Process Clause.

If this Court determines that Plaintiff's as-applied claims are ripe, they should be reviewed under the Fourteenth Amendment. Although Plaintiff cites a number of constitutional amendments as the basis for his claims, ECF No. 1 at ¶ 88, Counts III & V, his claims are best viewed as

10

allegations that his right to procedural due process was violated. Indeed, read as a whole, Plaintiff's complaint challenges the procedures governing how someone is designated a clear and present danger and the allegedly defective records used to support his designation as a clear and present danger. *See* ECF No. 1 at ¶¶ 3, 5 38, 43, 45, 47, 78, 81, 85, 86, 91, 96 (alleging that the procedures are defective); *id.* at ¶¶ 40, 46, 60-64, 80, 89 (alleging the facts are wrong); *id.* at ¶¶ 39, 99, 100 (alleging that the procedures were defective, and that the facts or decision were wrong). Because Plaintiff is not challenging the Clear and Present Danger Provision in itself, but instead challenging the allegedly inadequate due process related to the revocation of his FOID Card and the alleged faults with the decision made in his specific case, Plaintiff's claims fall under the due process clause of the Fourteenth Amendment—not the Second Amendment.

There is also no basis to review Plaintiff's claims under the Fourth or Fifth Amendments. Plaintiff's FOID Card had already been revoked when firearms were removed from Plaintiff's home. ECF No. 1 at ¶ 38 & Exhibit C (letter revoking Plaintiff's FOID Card dated July 28, 2022). It is undisputed that Plaintiff could not legally possess firearms without a valid FOID Card. ECF No. 1 at ¶ 1. Therefore, any claims related to the removal of firearms from his home (ECF No. 1 at ¶¶ 43 & 45) are actually due process claims because they hinge on Plaintiff's belief that his FOID Card should not have been revoked. *See Illinois v. Caballes*, 543 U.S. 405, 408 (2005) (holding that there is no legitimate interest in the possession of contraband that would invoke Fourth Amendment protections); *see United States v. $7,999 in U.S. Currency*, 170 F.3d 843, 845 (8th Cir. 1999) (explaining that there cannot be an illegal taking of contraband under the Fifth Amendment because the removal of contraband falls under a state's police powers). Finally, any claim related to the removal of Plaintiff's physical FOID Card also falls under the auspices of the Fourteenth Amendment. *Wilson v. Ill. Dep't of Fin. & Prof. Regulation*, No. 14-cv-10521, 2021

U.S. Dist. LEXIS, 63072 at *4-6 (N.D. Ill. 2021) (explaining that a challenge to the revocation of a professional license falls under the Fourteenth Amendment, not the Fourth Amendment).

        **C.**      **Plaintiff has failed to state a procedural due process claim.**

Plaintiff's complaint focuses, in part, on the delay between when he was arrested for aggravated battery and when his FOID Card was revoked. ECF No. 1 at ¶ 38. However, ISP has authority to revoke a FOID Card if the person poses a clear and present danger to the FOID Card holder, any other person or persons, or the community. 430 ILCS 65/8(f). A clear and present danger means a person who "communicates a serious threat of physical violence against a reasonably identifiable victim …" or "demonstrates threatening physical or verbal behavior, such as violent, suicidal, or assaultive threats, actions, or other behavior …." 430 ILCS 65/1.1. By Plaintiff's own admission, he took out his firearm and pointed it at S.T. during their confrontation and was subsequently charged with aggravated assault. ECF No. 1 at ¶¶ 23, 32. While Plaintiff may take issue with the timeline, ISP clearly had the authority to revoke Plaintiff's FOID Card after he drew his firearm and pointed it at an unarmed person during an altercation. Moreover, Plaintiff can only seek prospective injunctive relief against the State Defendants; he cannot challenge conduct that has already occurred. As such, any claim related to the amount of time it took ISP to revoke his FOID Card after receiving the clear and present danger report is barred. *See Verizon Maryland, Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002) (holding that federal courts can only provide prospective injunctive relief against state officials sued in their official capacities).

Further, Plaintiff's challenge to the Clear and Present Danger Provision and its appeal process fails. The well-known procedural due process requirements are notice and an opportunity to be heard. *Mathews v. Eldridge*, 42 U.S. 319, 333 (1976). The contours of what constitutes

12

adequate notice are flexible and "call[] for such procedural protections as the situation demands." *Mathews*, 42 U.S. at 334 (quoting *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972)). When evaluating a due process claim, courts weigh three factors: (1) the nature of the private interest at stake; (2) the risk of erroneous deprivation through the process that is used; and (3) the governmental interest. *Id.* at 334-35. Although an individual's interest in a FOID Card is important, when that interest is weighed against the minimal risk of erroneous deprivation under the current process and the significant governmental interest in ensuring that dangerous individuals do not retain access to firearms, the *Mathews* factors show that the Clear and Present Danger Provision and the appeal process provide adequate procedural protections under the Fourteenth Amendment.

As stated, Plaintiff's right to have access to firearms is not unfettered; the State retains the authority to keep firearms away from potentially dangerous individuals. *See Heller*, 554 U.S. at 626 (discussing long-standing prohibitions on preventing felons and the mentally ill from carrying firearms); *Kanter v. Barr*, 919 F.3d 437, 448 (7th Cir. 2019) (evaluating comparable federal law stating that preventing gun violence by keeping firearms from those who may misuse them is an important interest), *overruled on other grounds in part by N.Y. State Rifle & Pistol Ass'n v. Bruen*, 142 U.S. 2111 (2022). As such, it is necessary to look at the current review process to determine if it poses a risk of erroneous deprivation. To appeal a decision revoking a FOID Card, one must submit a request to have his case heard and provide supporting documents, including any relevant mental health records and an evaluation from a mental health professional. 20 Ill. Admin. Code § 1230.75. While these documents are not required to obtain a FOID Card initially, these procedures are adequate in situations where an individual had a FOID Card revoked because of their dangerous behavior.

Moreover, there is no compelling reason to believe that an individual who submits the required paperwork and evaluation will not have their FOID Card reinstated if it is appropriate to do so. As such, there is no basis to argue that the review process substantially risks that individuals are erroneously deprived of their rights. Because the significant government interest in preventing dangerous individuals from having firearms and the minimal risk of that right being erroneously deprived with the current system outweighs Plaintiff's right to hold firearms after his behavior causes him to be declared a clear and present danger, Plaintiff's Fourteenth Amendment facial challenge to the Clear and Present Danger Provision fails.

### III. PLAINTIFF'S CLAIMS UNDER ILLINOIS LAW ARE BARRED BY THE ELEVENTH AMENDMENT.

Finally, Plaintiff's claims under the Illinois Constitution in Count IV and his request that this Court order the State Defendants to reissue his FOID Card are barred by the Eleventh Amendment. The Eleventh Amendment bars claims for injunctive relief against state officials based on alleged violations of state law. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984) ("A federal Court's grant of relief against state officials on the basis of state law… does not vindicate the supreme authority of federal law."). As the *Pennhurst* Court noted "it is difficult to think of a greater intrusion on state sovereignty than when a federal court instructs state officials on how to conform their conduct to state law." *Id.* Accordingly, the Seventh Circuit has consistently held that "a federal court cannot issue relief against a state under state law." *Elim Romanian Pentecostal Church v. Pritzker*, 962 F.3d 341, 345 (7th Cir. 2020); *see also Cassell v. Snyders*, 990 F.3d 539, 551 (7th Cir. 2021).

Plaintiff frames his request for an order directing the State Defendants to reinstate his FOID Card under the guise of a constitutional claim. (*See generally* ECF No. 1). However, at its core, Plaintiff requests an order directing the State Defendants to comply with an Illinois state law,

specifically the FOID Card Act (430 ILCS 65/1 *et seq.*). "But there is no constitutional procedural due process right to state-mandated procedures." *GEFT Outdoors, LLC v. City of Westfield*, 922 F.3d 357, 366 (7th Cir. 2019); *see also Colon v. Schneider*, 899 F.2d 660, 673 (7th Cir. 1990) (noting that *Pennhurst* explicitly states that the Eleventh Amendment prohibits federal courts from issuing orders directing state employees not to violate state law). As such, Plaintiff cannot obtain an order from this Court directing the State Defendants to comply with the FOID Card Act.

Because Count IV of Plaintiff's complaint and his request for an order directing the State Defendants to reinstate his FOID Card seek relief based on state law, which is expressly prohibited by *Pennhurst,* this claim and request for relief are barred by the Eleventh Amendment.

## CONCLUSION

Plaintiff's as-applied claims all relate to alleged deficiencies in how the Clear and Present Danger Provision is applied and the opportunity to review initial decisions made under the Clear and Present Danger Provision. Because Plaintiff's as-applied claims are not ripe, this Court should dismiss Plaintiff's complaint for lack of jurisdiction. Alternatively, Plaintiff's as-applied claims fail because the appeals process satisfies due process requirement. Moreover, Plaintiff's purported facial claims fail because there are clear constitutional applications of the statute, and Plaintiff makes no attempt to allege otherwise. Finally, Plaintiff's claims and request for relief under Illinois law are barred by the Eleventh Amendment. Because Plaintiff has not stated any viable claims against the State Defendants, the State Defendants respectfully request that this Court grant their motion to dismiss.

September 15, 2023　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　*/s/ Mary A. Johnston*

　　　　　　　　　　　　　　　　　　Mary A. Johnston
　　　　　　　　　　　　　　　　　　Office of the Illinois Attorney General
　　　　　　　　　　　　　　　　　　100 West Randolph Street
　　　　　　　　　　　　　　　　　　Chicago, Illinois 60601
　　　　　　　　　　　　　　　　　　(312) 814-4417
　　　　　　　　　　　　　　　　　　Mary.johnston@ilag.gov

　　　　　　　　　　　　　　　　　　*Counsel for Defendants Raoul*
　　　　　　　　　　　　　　　　　　*Kelly, Yenchko & Leahy*