C00075

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| STEVEN ZAHAREAS,<br>Plaintiff<br><br>v.<br><br>KWAME RAOUL, Illinois Attorney General, in his official capacity; BRENDAN F. KELLY, in his official capacity as Director of the Illinois State Police; JEFFREY YENCHKO, in is official capacity as Bureau Chief of the Illinois State Police Firearms Bureau, ELIZABETH LEAHY, in her official capacity as Illinois State Police Firearm Safety Officer Counsel, and JOSE G. CENTENO,<br>Defendants | ) Case No. 1:23-cv-03423<br>)<br>) Judge: M. Pacold<br>)<br>) Magistrate: H. McShain<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## JOINT INITIAL STATUS REPORT

Pursuant to Judge Pacold's Standing Order, the parties submit this instant Joint Initial Status Report:

### 1. *The Nature of the Case:*

A. Plaintiff, Steven Zahareas is represented by:

Charles Wm. Dobra, Esq.
CHARLES WM. DOBRA, LTD.
Attorney at Law
675 East Irving Park Road, Suite 103
Roselle, Illinois 60172
Tel. (630)893-2494
Fax. (630)893-2497
Email: CWDobra@DobraLaw.ComcastBiz.net
ARDC: #0647039/Kane County
Du Page County: 29320
Cook County: 26755
Winnebago: 8219

All state Defendants are represented by:

1

Mary A. Johnston, Esq.
Office of the Illinois Attorney General
100 West Randolph Street, 13th Floor
Chicago, Illinois 60601
Email: mary.honston@ilag.gov

Defendant Jose G. Centeno is represented by:

Anthony G. Becknek, Esq. & Daniel W. Bourgault, Esq.
Klein, Thorpe & Jenkins, Ltd.
120 S. LaSalle Street – Suite 1710
Chicago, IL 60603
Email: agbeckneck@ktjlaw.com
Tel. (312)984-6400

B. False arrest; constitutionality of a portion of the Illinois Statutes and Code of Administrative Procedure.

C. Whether the identified portions of the Illinois Statutes and Code of Administrative Procedure are unconstitutional. Whether Plaintiff has properly plead malicious abuse of process and whether Plaintiff has properly plead false arrest. A further issue, from Defendant's perspective, is whether arguable probable cause existed for Plaintiff's arrest and whether Defendant Centeno is entitled to qualified immunity.

D. Monetary relief from Defendant Centeno and a finding that portions of the Illinois Statutes and Code of Administrative Procedure are unconstitutional, and for injunctive relief in connection with the state Defendants.

### 2. Jurisdiction

A. 28 USC Sec. 1331, 1343, 2201, 2202

B. 28 USC Sec. 1983

### 3. Status of Service:

All parties have been served and have appeared by their respective counsel.

### 4. Consent to Proceed Before a United States Magistrate Judge:

There is no agreement to proceed before a U.S. Magistrate Judge, and no such agreement is anticipated.

### 5. Motions

A. None pending at this time. However, as of the date of the preparation of this document, counsel for Plaintiff has been advised that each opposing counsel intend to file a motion to dismiss, on or about September 15, 2023.

Upon filing of such motion(s), the parties would agree, subject to approval of the Court, to the following briefing schedule:

a. Plaintiff's response due on October 20, 2023;
b. Defendant reply due on November 10, 2023;

Because Defendants will be filing motions to dismiss, it is the position of the Defendants that a stay of discovery would be appropriate, and would file a separate motion requesting a stay if the Court desires. It is the position of Plaintiff that should the Court grant such an Order, that that Order exclude the obligation of the state Defendants to produce an unredacted copy of Defendant CENTENO's "clear and present danger" report.

Additionally, counsel for Defendant CENTENO has advised that he will file a Motion for a Protective Order, and also ask that discovery be stayed. Counsel for CENTENO has also suggested a briefing schedule for same. See: position of Plaintiff as stated in preceding paragraph.

B. Defendants will respond by filing an Answer to the Complaint.

### 6. *Status of Settlement Discussions:*

A. No settlement discussions have occurred thus far.

B. None.

C. From Plaintiff's perspective, a future settlement conference is perceived to be beneficial. It is the belief of the Defendants that a settlement conference is necessary at this time.