**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| STEVEN ZAHAREAS, | ) |
| Plaintiff | ) ) ) |
| v. | ) Case No. 23-cv-3423 |
| KWAME RAOUL, Illinois Attorney General in his official capacity, *et al.*, | ) ) Judge Martha M. Pacold ) ) Magistrate Judge Heather K. McShain |
| Defendants. | ) |

**DEFENDANTS RAOUL, KELLY, YENCHKO, AND LEAHY'S
MEMORANDUM OF LAW IN SUPPORT OF THEIR
MOTION TO DISMISS PLAINTIFF'S COMPLAINT AS MOOT**

**INTRODUCTION**

Plaintiff's claims stem from a Clear and Present Danger Report that was submitted by Defendant Officer Centeno of the Village of Schaumburg to the Illinois State Police ("ISP") Firearms Safety Bureau ("FSB"). *See generally* ECF No. 1. After receiving the Clear and Present Danger Report from Officer Centeno, Plaintiff's Firearm Owner Identification Card ("FOID Card") was revoked under the Clear and Present Danger Provision of the FOID Card Act, 430 ILCS 65/8(f). *Id.* at ¶ 38. Plaintiff brings claims against Attorney General Raoul, ISP Director Brendan Kelly, FSB Chief Jeffrey Yenchko, and Elizabeth Leahy, ISP Firearms Safey Counsel (collectively the "State Defendants") based on this revocation. *Id.* A detailed account of the circumstances that led to Plaintiff being designated as a Clear & Present Danger and the revocation of his FOID Card are contained in Plaintiff's complaint and Officer Centeno's motion to dismiss (ECF Nos. 1 & 24).

1

Counts I and II of Plaintiff's complaint are against Officer Centeno, while Counts III-V are against the State Defendants. Plaintiff alleges that the Clear and Present Danger Provision and ISP's appeals process violates his rights under the Second, Fourth, Fifth, and Fourteenth Amendments and are unconstitutional on their face. ECF No. 1 at Count III & V. Plaintiff also alleges that the removal of his FOID Card and/or firearms from his home after his FOID Card was revoked violated his Fourth and Fifth Amendment rights and his rights under the Illinois Constitution. ECF No. 1 at ¶ 88 and Count IV. Plaintiff seeks declaratory and injunctive relief and asks this Court to: (1) declare that the Clear and Present Danger Provision is unconstitutional on its face and as applied and enjoin the State Defendants from enforcing it; (2) order the State Defendants to issue Plaintiff a FOID Card and revoke any reports made to other agencies because of his status as a clear and present danger; and (3) order the State Defendants to amend the appeals procedure for individuals deemed a clear and present danger.

Plaintiff filed an untimely appeal directly to the FOID Card Review Board in June 2023. ECF No. 39. The State Defendants were not aware of the untimely appeal and, as such, filed a motion to dismiss based on ripeness. ECF Nos. 25 & 26. Upon learning of Plaintiff's appeal, the State Defendants withdrew their motion to dismiss. ECF No. 42. The State Defendants subsequently reinstated Plaintiff's FOID Card on January 19, 2024. *See* Declaration of Captain Yenchko at ¶ 3, attached hereto as Exhibit A. Thus, Plaintiff has an active FOID Card. *Id.* at ¶ 4. Because Plaintiff has received the injunctive relief he sought, namely the reinstatement of his FOID Card, his claims against the State Defendants are moot. Moreover, because the Clear and Present Danger Provision no longer applies to him, Plaintiff lacks standing to challenge that provision or the ISP appeals process. Accordingly, Plaintiff's claims against the State Defendants should be dismissed.

## **LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(1) authorizes the Court to dismiss any claim over which the Court lacks subject matter jurisdiction. Federal courts lack subject matter jurisdiction when a case becomes moot. *Pakovich v. Verizon LTD Plan*, 653 F.3d 488, 492 (7th Cir. 2011). A motion to dismiss for lack of subject matter jurisdiction presents a threshold question concerning the court's power over a claim, and a federal court must assure itself that it possesses subject matter jurisdiction of a case before it proceeds on the merits. *See Cook v. Winfrey*, 141 F.3d 322, 325 (7th Cir. 1998). When moving to dismiss under Federal Rule of Procedure 12(b)(1) where "the contention is that there is *in fact* no subject matter jurisdiction, the movant may use affidavits and other material to support the motion. . . . And the court is free to weigh the evidence to determine whether jurisdiction has been established." *Bannon v. Edgewater Med. Ctr.*, 406 F. Supp. 2d 907, 920 (N.D. Ill. 2005). Pursuant to Rule 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action. F.R.C.P. 12(h)(3).

## **ARGUMENT**

### **I. PLAINTIFF'S CLAIMS AGAINST THE STATE DEFENDANTS ARE MOOT.**

This Court lacks subject matter jurisdiction over Plaintiff's claims for declaratory and injunctive relief against the State Defendants because his claims are moot. *See Milwaukee Police Ass'n v. Bd. of Fire & Police Com'rs of the City of Milwaukee*, 708 F.3d 921, 928 (7th Cir. 2013) ("Mootness is the doctrine of standing set in a time frame."). While standing "is evaluated at the time suit is filed," mootness requires "reevaluating the standing requirements throughout litigation." *Id.* at 928-29. As such, "when a party with standing at the inception of the litigation loses it due to intervening events, the inquiry is really one of mootness." *Id.* at 928; *see also Nat'l Rifle Ass'n of Am., Inc. v. Bureau of Alcohol, Tobacco, Firearms, & Explosives*, 700 F.3d 185, 191 (5th Cir. 2012).

To invoke federal jurisdiction, a plaintiff must show a "personal stake" in the outcome of the action. *United States v. Sanchez-Gomez*, 138 S. Ct. 1532, 1537 (2018). This requirement "ensures that the Federal Judiciary confines itself to its constitutionally limited role of adjudicating actual and concrete disputes, the resolutions of which have direct consequences on the parties involved." *Id.* (quotation omitted). A case becomes moot when "a court's decision can no longer affect the rights of litigants in the case before them and simply would be 'an opinion advising what the law would be upon a hypothetical state of facts.'" *H.P. by and Through W.P. v. Naperville Comm. Unit Sch. Dist. #203*, 910 F.3d 957, 960 (7th Cir. 2018); *see also Berron v. Ill. Concealed Carry Licensing Rev. Bd.*, 825 F.3d 843, 846 (7th Cir. 2016) (remanding Plaintiff Ghantous's claim to the district court, with instructions to dismiss as moot, where he had already been issued the concealed carry license he sought through his lawsuit). Here, because Plaintiff has received his requested injunctive relief (*i.e.*, the return of his FOID card), he no longer faces the "real and immediate" threat of future injury that is necessary to maintain standing to challenge the constitutionality of the Clear and Present Danger Provision or ISP's appeals process. *City of Los Angeles v. Lyons*, 461 U.S. 95, 102, (1983); *see also Simic v. City of Chicago*, 851 F.3d 734, 738 (7th Cir. 2017).

To the extent that Plaintiff may argue that his claims fall within the "capable of repetition, yet evading review" exception to the mootness doctrine, this argument fails. This doctrine "applies only where (1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again." *Milwaukee Police Ass'n*, 708 F.3d at 832 (quoting *United States v. Juvenile Male*, 564 U.S. 932, 938 (2011).

The District Court for the District of Columbia recently issued an instructive opinion on a similar case. *Umbert v. United States*, No. 18 CV 1336, 2023 U.S. Dist. LEXIS 99348 (D.D.C. June 7, 2023). In *Umbert*, a group of plaintiffs sued the United States, the United States Attorney General, and the Federal Bureau of Investigations, alleging that they were unlawfully prevented from purchasing firearms and seeking declaratory and injunctive relief related to their ability to purchase firearms. *Id.* at *1-2. During the pendency of the litigation the plaintiffs received their requested relief and, as such, the District Court of the District of Columbia held that the plaintiffs' claims were moot. *Id.* at *2. In doing so, the *Umbert* court addressed the plaintiffs' argument that their claims fell under the "capable of repetition, yet evading review" mootness exception. *Id.* at 4. The *Umbert* court rejected the argument and held that the plaintiffs could not satisfy either element necessary to show that a claim is capable of repetition, yet evading review, because the plaintiffs' claims could have been fully litigated and the injunctive relief resolved any future issues regarding firearm purchases. *Id.* at 6.

As in *Umbert*, Plaintiff cannot satisfy either of the elements necessary to show that his claims are not moot. First, there is no set time when a challenge to the Clear and Present Danger Provision of the FOID Card Act naturally expires; thus, there is no reason to believe that another challenge to the Clear and Present Danger Provision cannot be litigated to completion.

There is also no reasonable expectation that Plaintiff will be subject to the Clear and Present Danger Provision again, and to assume he will be is highly speculative. Moreover, this speculation relies on the hypothetical actions of other people, not just Plaintiff. To have his FOID Card revoked under the Clear and Present Danger Provision again, there would need to be some occurrence that resulted in a police officer or other authorized individual issuing a Clear and Present Danger Report about Plaintiff to the ISP. Then, that Clear and Present Danger Report would need to be reviewed

and approved by a different individual at the ISP. As such, the possibility of Plaintiff having his FOID Card revoked under the Clear and Present Danger Provision in the future relies on a hypothetical set of facts and the actions of other people.

Finally, if this unlikely scenario occurred, it would be based on an entirely different set of facts than the underlying dispute that prompted Officer Centeno to submit the Clear and Present Danger Report at issue in this litigation. Overall, there is no "reasonable expectation" that this will occur in the future, and any potential theory of what could happen is too attenuated to maintain Article III standing. As such, Plaintiff's claims against the State Defendants should be dismissed as moot.

### II. PLAINTIFF'S REQUEST FOR DECLARATORY RELIEF AGAINST THE STATE DEFENDANTS IS ALSO MOOT.

Because Plaintiff has received his FOID Card, his request for declaratory relief is also moot. As discussed, federal courts do not offer advisory opinions. *H.P. by and Through W.P.*, 910 F.3d at 960. "[D]eclaratory judgment is appropriate only when the court's ruling would have an impact on the parties." *Cornucopia Inst. v. United States Dep't of Agric.*, 560 F.3d 673, 676 (7th Cir. 2009) (holding that claim for declaratory relief was moot after plaintiff received requested FOIA documents). Here, Plaintiff has received his FOID Card. As such, "a declaratory judgment would not affect [the defendants'] behavior towards [the plaintiff]." *Pearson v. Welborn*, 471 F.3d 732, 743 (7th Cir. 2006) (citing *City of Los Angeles v. Lyons*, 461 U.S. 95, 103-04 (1983). Moreover, any potential argument that declaratory relief is appropriate because Plaintiff brought a facial challenge also fails because "[e]ven though *someone* may be affected by the [State Defendants' in the future], that 'someone' is no longer [Plaintiff], and it is well established that the 'case or controversy' requirement applies to declaratory judgments, as it applies to ever other

kind of litigation in federal court." *St. John's United Church of Christ v. City of Chicago*, 502 F.3d 616 (628 (7th Cir. 2007). As such, Plaintiff cannot receive declaratory relief.

## CONCLUSION

Plaintiff has received the relief he sought from the State Defendants in this lawsuit—specifically, the return of his FOID Card. As such, his requests for injunctive and declaratory relief are moot, and he lacks standing to challenge the constitutionality of the Clear and Present Danger Provision. For these reasons, Defendants Attorney General Raoul, Brendan Kelly, Jeffrey Yenchko, and Elizabeth Leahy respectfully request that this Court grant their motion and dismiss Plaintiff's claims against them in their entirety.

February 2, 2024

Respectfully submitted,

*/s/ Mary A. Johnston*

Mary A. Johnston
Office of the Illinois Attorney General
Government Representation Division
General Law Bureau
115 South LaSalle
Chicago, Illinois 60603
(312) 814-4417
Mary.johnston@ilag.gov

*Counsel for Defendants Raoul
Kelly, Yenchko & Leahy*