UNITED STATES DISTRICT COURT
FOR THE Northern District of Illinois – CM/ECF NextGen 1.7.1.1
Eastern Division

Steven Zahareas

        Plaintiff,

v.                   Case No.: 1:23–cv–03423
                  Honorable Martha M. Pacold

Kwame Raoul, et al.

        Defendant.

**NOTIFICATION OF DOCKET ENTRY**

This docket entry was made by the Clerk on Friday, September 20, 2024:

  MINUTE entry before the Honorable Martha M. Pacold: State defendants have moved to dismiss plaintiff's claims against them as moot. [51], [52] at 2. The court denies the motion. State defendants argue that plaintiff's claims against them are moot because they already gave plaintiff the requested injunctive relief (i.e., the return of his FOID card). [52] at 4. State defendants argue that, as a result, plaintiff "no longer faces the 'real and immediate' threat of future injury that is necessary to maintain standing." Id. State defendants argue that because mootness is standing set in a time frame, the claims against them are moot. Id. at 3. But "[a] live case or controversy cannot be so easily disguised, and a federal court's constitutional authority cannot be so readily manipulated." Federal Bureau of Investigation v. Fikre, 144 S. Ct. 771, 777 (2024). The Supreme Court has long recognized that a defendant's "voluntary cessation of a challenged practice will moot a case only if the defendant can show that the practice cannot reasonably be expected to recur." Id. (internal quotation marks omitted). And the Supreme Court made clear in Fikre that merely granting a plaintiff's requested injunctive relief, without any assurance that a defendant will not repeat the allegedly unconstitutional conduct in the future against the plaintiff, is insufficient to overcome the "formidable burden" that the practice cannot "reasonably be expected to recur." See id. In Fikre, the plaintiff "sought a declaratory judgment confirming that the government had violated his rights, as well as an injunction prohibiting it from keeping him on the No Fly List." Id. at 776. Later, after litigation began, the government removed the plaintiff from the No Fly List and argued that the case was moot because the plaintiff had received the requested injunctive relief. Id. at 776. But in a unanimous opinion, the Supreme Court held that the case was not moot because the government failed to establish that there was no reasonable expectation that the allegedly unlawful conduct would recur. Id. at 778. The facts here are indistinguishable. Here, the state defendants took away plaintiff's FOID card; plaintiff sued for declaratory relief that their actions were unlawful and injunctive relief for them to reinstate his FOID card; and, after litigation began, the state defendants voluntarily gave plaintiff the injunctive relief requested. [52]. The state defendants assure the court that they will not again revoke plaintiff's FOID card for the conduct underlying this suit. But, as in Fikre, "none of that speaks to whether the government might relist him if he does the same or similar things in the future." Fikre, 144 S. Ct. at 778. The same is true of the revocation of plaintiff's FOID card. Accordingly, the court denies state defendants' motion to dismiss. [51]. (rao, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.